IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THERESA SALAZAR** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) Case No.: 07 C 6637 |
| | ) |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | ) Judge Pallmeyer |
| | ) |
| **Defendant.** | ) |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by its attorneys, DANIEL K. RYAN and PETER E. PEDERSON, states as follows for its Answer and Affirmative Defenses to Plaintiff's Complaint:

*Jurisdiction and Venue*

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§l132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of an employer-sponsored benefit plan which became insured under a group long term disability insurance policy ("Plan") underwritten and insured by Life Insurances Company of North America ("LINA") under Group Policy No. LK0030287 for the benefit of employees of BP Corporation of North America, Inc. ("BP Corporation"). In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which gives the district court jurisdiction over actions that arise under the laws of the United States.

**ANSWER:** Admit the allegations contained in the first sentence of ¶ 1. Admit that BP Corporation North America Inc. ("BP") sponsored the BP Welfare Plan Trust-III ("Plan"), which provides eligible employees with long-term disability ("LTD") benefits. Admit that LINA insures LTD benefits under the Plan pursuant to Policy No. LK-30287 ("Policy"). Deny the remaining allegations in ¶ 1.

2.   The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has undergone two appeals of the denial of her claim. Accordingly, this matter is ripe for judicial review.

**ANSWER:**   Admit that plaintiff exhausted administrative remedies under § 1133 by filing two administrative appeals of the denial of her claim for LTD benefits.  Deny the remaining allegations in ¶ 2.

3.   Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

**ANSWER:**   Admitted on information and belief.

### Nature of Action

4.   This is a claim seeking payment of disability income benefits pursuant to a policy of insurance underwritten and insured by LINA to provide Long Term Disability Insurance Benefits (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") to employees of BP Corporation, under Policy No. LK0030287. This action, seeking recovery of benefits, is brought pursuant to §502(a)(I )(B) of ERISA (29 U.S.C. §1132(a)(1 )(B)).

**ANSWER:**   LINA admits that the Plan affords eligible employees of BP with LTD benefits.  LINA admits it insures LTD benefits under the Plan pursuant to the Policy.  LINA admits that plaintiff's claim for LTD benefits lies under § 1132(a)(1)(B).  LINA admits that portions of the Policy are attached to the complaint as Exhibit A.  LINA denies all remaining allegations contained in ¶ 4.

### The Parties

5.   Theresa Salazar ("Salazar")(d.o.b. 7/21/1946) is and was a resident of Chicago, Illinois, at all times relevant hereto.

**ANSWER:**   Admitted on information and belief.

6.   As a benefit of her employment, BP Corporation, provided its employees, including Salazar, with long term disability benefits. At all times relevant hereto, BP Corporation has been authorized to and does business in the Northern District of Illinois.

2

**ANSWER:** Admit that BP sponsored the Plan to provide LTD benefits to eligible employees and that Salazar, prior to the termination of her employment, participated in the Plan. LINA lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 6.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Salazar received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER:** Admit that the Plan is an employee welfare benefit plan as defined by 29 U.S.C. §1002(1). Admit that prior to the termination of her employment plaintiff was a participant in that plan as defined by 29 U.S.C. §1002(7) and that her claim relates to the Plan. Deny the remaining allegations contained in ¶ 7.

*Statement of Facts*

8. Salazar was employed an administrative assistant for BP Corporation until she was forced to quit working on July 11, 2005 due to arthritis status/postoperative hip and knee replacement, obstructive sleep apnea, aneurysm in the cavernous sinus, major depression and hypertension.

**ANSWER:** Admit that plaintiff was employed by BP as Administrative Assistant and that her last day of work was July 11, 2005. Deny all remaining allegations in ¶ 8.

9. Subsequent to ceasing employment, Salazar made a claim for benefits under the Plan, first for Short Term Disability ("STD") benefits, which she received for 6 months, and then for long term disability ("LTD") benefits under the Plan, stating that due to her condition, on or about July 11, 2005, and continuing to the present without interruption, she met the Plan definition of "disability," which states in relevant part:

> Under the L1NA policy, "*you are considered Disabled if, solely because of Injury or Sickness, you are either:*
>
> 1) *you are unable to perform the material duties of your own job as performed at BP or a Qualified Alternative; or*
>
> 2) *unable to earn 80% or more of your Indexed Covered Earnings.*

3

*The job you routinely perform at the time Disability begins.*

*After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are either:*

    1*)*    *unable to perform all the material duties of any Occupation for which you are, or may reasonably become, qualified based on education, training, or experience, or*

    2*)*    *unable to earn 80% or more of your Indexed Covered Earnings.*

*We will require proof of earnings and continued Disability."*

(Exhibit "A")

Salazar supported her claim for benefits with numerous medical records and reports, as well as other evidence certifying disability.

**ANSWER:** Admit that plaintiff applied for short-term disability ("STD") benefits and received STD benefits from approximately July 2005 to February 2006. Admit that plaintiff applied to LINA for LTD benefits under the Plan and contended she met the Plan's definition of disability. Admit that plaintiff submitted medical records in an attempt to support her claim for LTD benefits. Admit that ¶ 9 purports to quote the definition of disability set forth in the Plan and Policy. Deny that the quotation is accurate. Deny all remaining allegations in ¶ 9.

10.  Salazar concurrently applied for Social Security benefits. With the assistance of an agent of L1NA who advocated on her behalf, in April 2007 the Social Security Administration concluded that Salazar was disabled and awarded her benefits, thus signifying her inability to engage in "any substantial gainful activity." (42 U.S.C. §423(d)(1)(A) — definition of "disabled" in Social Security Act).

**ANSWER:** Admit that Salazar applied for Social Security Disability Income ("SSDI") benefits. Admit that on April 12, 2007 the Social Security Administration approved plaintiff for SSDI benefits. Deny that an award of SSDI benefits signifies that plaintiff qualifies for LTD benefits under the Plan. LINA denies all remaining allegations in ¶ 10, including the allegation that an agent of LINA assisted plaintiff with her application for SSDI benefits.

4

11.     Despite having initially paid benefits (STD), without any evidence of medical improvement, LINA ceased paying benefits on February 9, 2006, and denied and refused to pay Salazar LTD benefits on May 8, 2006.

**ANSWER:**     LINA admits that, in a letter dated May 8, 2006, it denied plaintiff's claim for LTD benefits.  LINA denies all remaining allegation in ¶ 11, including the allegation that LINA decided plaintiff's claim for STD benefits or paid STD benefits to her.

12.     After the Plan refused to pay benefits, Salazar submitted an administrative appeal to LINA which included additional medical evidence supporting her ongoing disability. However, despite the foregoing, on April 24, 2007, LINA upheld its benefit termination.

**ANSWER:**     Admit that, on March 7, 2007, plaintiff's counsel submitted an internal appeal of the denial of her claim for LTD benefits and that, on April 24, 2007, LINA denied the appeal as the evidence did not show that she met the Plan's definition of disability.  LINA denies all remaining allegations in ¶ 12.

13.     After the Plan again denied the payment of benefits, Salazar submitted another appeal. However, despite the foregoing, on November 6, 2007, LINA upheld its benefit denial. At this point, all avenues of administrative appeal have now been exhausted.

**ANSWER:**     Admit that, on September 27, 2007, plaintiff's counsel submitted a second internal appeal and that, on November 6, 2007, LINA denied the appeal on the ground that the evidence showed that plaintiff did not meet the Plan's definition of disabled.  LINA denies all remaining allegations in ¶ 13.

14.     The determination by LINA is contrary to the terms of the welfare benefit plan and has no rational support in evidence. That decision was also contrary to the reports of all treating and examining physicians and their assessment.

**ANSWER:**     Denied.

15.     As a direct and proximate result thereof, based on the evidence submitted to LINA establishing that Salazar has met the Plan definitions of "disability" continuously since the onset of his disability, and that she continues to meet that definition, Plaintiff is entitled to payment of monthly disability insurance payments plus interest on all overdue payments at the statutory rate of 9% in accordance with 215 ILCS 5/357.9.

**ANSWER:**     Denied.

16.     In addition, Defendant should be judicially estopped from maintaining its denial in accordance with Ladd v. 111 Corp., 148 F.3d 753 (7th Cir. 1998), since LINA, through an agent, advocated Salazar's total disability in the Social Security Administration, yet denied her disability under a more lenient "any occupation" definition of disability.

**ANSWER:**   Denied.

## AFFIRMATIVE DEFENSES

1.     To the extent plaintiff asserts common law or state law remedies, the claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U. S. C. § 1144.

2.     Plaintiff's claims are barred for failure to comply with terms and conditions of the subject employee benefits plan.

3.     In the event that this Court were to determine that plaintiff is entitled to long term disability benefits under the plan documents, plaintiff's claims are subject to the doctrines of setoff and recoupment in that she is receiving or has received other benefits which qualify as Other Income Benefits under the Plan and reduce the amount of any LTD benefit payable to her under the Plan.

4.     Plaintiff's claims are barred, in whole or in part, on the ground that defendant has discharged its obligations to plaintiff.

5.     Plaintiff's claims against LINA are barred because it is not a proper defendant to a claim under 29 U.S.C. § 1132(a)(1)(B).

6.     Plaintiff's claims are barred because she has failed to join and sue an indispensable party under Federal Rule 19.

        Respectfully submitted:

        LIFE INSURANCE COMPANY
        OF NORTH AMERICA

        By: /s/ Peter E. Pederson
            One of its Attorneys

Daniel K. Ryan, Esq.
Peter E. Pederson, Esq.
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 3000
Chicago, Illinois 60601
(312) 704-3000
**Fax:** (312) 704-3001
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

## CERTIFICATE OF SERVICE

     I, the undersigned attorney, certify that on January 30, 2008, I e-filed this ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT using the Court's CM/ECF system, which will make copies of available to all counsel of record.

        /s/ Peter E. Pederson

## Service List

Mark D. DeBofsky, Esq.
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200 x4880
FAX (312) 372-2778
E-mail: mdebofsky@ddbchicago.com

6267729v1 884635